IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RASEAN S. SMITH                                                                             PETITIONER
ADC #096566
v.                                    CASE NO. 5:17-cv-00052 BSM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction and
ARKANSAS BOARD OF PAROLE                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, Rasean S. Smith, an inmate in the Arkansas Department of Correction ("ADC"). Petitioner admittedly does not challenge his convictions but instead seeks redress of "violations of his constitutional rights in removing him from the (Act 679) Program[.]" DE #2, Petition, at 1. He alleges that he was removed from his transitional housing facility and placed back into prison without a revocation hearing in violation of established Arkansas law. *Id.* at 2. He seeks return to the transitional housing facility and the re-entry program.

2

Respondent, Wendy Kelley, acknowledges that Petitioner is in her custody but denies that he is entitled to any relief. Response, DE #8, at 8-10. Specifically, Respondent states that Smith entered an ADC program authorized by Act 146 and not Act 679; therefore, when he violated the facility policy, he was administratively transferred back to the ADC without the necessity of a hearing because he was still considered under state law to be an ADC inmate. Therefore, Petitioner had no protected liberty interest in placement at a particular facility nor was his placement back into an ADC prison an atypical or significant hardship on him related to ordinary prison life. *Id.* at 8-9. Alternatively, Respondent asserts Petitioner received all the due process due to him because he waived any revocation hearing. *Id.* at 10.

## Factual Background

Petitioner notes that, on August 31, 2015, he was placed into the re-entry program under the powers granted to the Arkansas Board of Parole. He claims he was released from all institutional life and transferred to a transitional housing facility pursuant to Act 679, under Ark. Code Ann. § 16-93-211. On October 2, 2015, Petitioner asserts it was alleged he "may have violated a rule of the program." DE #2, Petition, at 3. He was removed and returned to prison on October 3, 2015.

According to Respondent, on August 31, 2015, Petitioner entered an ADC program pursuant to Act 146, under Ark. Code Ann. § 12-27-127, which allows qualified inmates to, pre-parole, administratively transfer to re-entry facilities run by Arkansas Community Correction ("ACC"). DE #8, Response, at 1. Respondent maintains that Petitioner was caught smoking a cigarette in violation of facility policy on October 2, 2015. *See* DE #8-5,

3

at 1. As a result, Petitioner's sanctions were "7 days of no contact, 10 days of C.S. hours, and a 2,000 word essay on why he should be allowed to stay in the program." *Id.* Later that night, Petitioner was caught talking to an unknown woman outside the facility.[1] He was directed to return to the facility, and once inside, "was very aggressive after being told that he was in violation." *Id.* It is reported that Petitioner cursed the officer who confronted him outside, stating "[f***] this place;" "[f***] this program; "if this is what it's gonna be about [y'all] can take me back tonight and better yet maybe I should tell them [y'all] gave me the tobacco at that." *Id.* at 2. Petitioner was administratively returned to the ADC from ACC on October 3, 2015. DE #8-2, at 40.

## Discussion

The Inmate Record Summary provided by Respondent indicates that Petitioner was received by the ACC from ADC custody into the Phoenix Recovery Center on August 31, 2015, pursuant to Act 146. DE #8-3, Response, at 9. It also shows Petitioner's return to ADC custody from ACC on October 3, 2015. *Id.*

Act 146, codified at Ark. Code Ann. § 12-27-127 provides that an inmate, who is within eighteen (18) months of his or her parole-eligibility date may be administratively transferred to ACC to participate in a re-entry program. *See* Ark. Code Ann. § 12-27-127(d)(1). Any inmate administratively transferred to ACC is administratively transferred back to the ADC if he or she is denied parole or fails to complete or is removed from the re-

---

[1] One report states there was one woman and another two women.

entry program. Ark. Code Ann. § 12-27-127(d)(4)(A) & (B).

The Court finds that Petitioner's claim is not cognizable, as Respondent suggests, because he has no liberty interest in being housed at any particular penal facility or in being transferred from one facility to another. *See Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999).

A federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 2241, 2254. There is no federal constitutional interest in having state officials follow state law or prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 44, 847 (8th Cir. 2003). Therefore, regardless of whether any state laws or Arkansas Parole Board policies have been violated, this Court is limited in determining whether a federal constitutional violation has occurred." *Rhodes v. Kelley*, 2016 WL 2865374, at *3 (E.D. Ark., April 22, 2016). "The Due Process Clause of the Fourteenth Amendment, not state law, governs the procedures which the state must follow in depriving [petitioner] of a substantive liberty interest." *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

The Due Process Clause, however, does not protect prisoners from every adverse change in their confinement and does not, itself, create a protected liberty interest in any particular prison classification, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); any particular job assignment, *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); in being free from transfer to "less amenable and more restrictive quarters" in prison, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); or the possibility of parole or release before expiration of a validly imposed

5

sentence, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Liberty interest arising from state law are limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Connor*, 515 U.S. 472, 484, 487 (1995).

Petitioner is an inmate in the ADC, and he was alleged to have violated program rules. State law provided that, should he fail to complete the program, Petitioner is transferred back to ADC custody. That is exactly what happened in this instance. Petitioner's administrative transfer back to ADC custody as a result of disciplinary infractions are certainly a typical and expected component of prison life and do not "present a dramatic departure from the basic conditions of [an inmate's] sentence." *Id.* at 485. Nothing in the Arkansas statute provides a basis for finding a protected liberty interest in him being housed at a re-entry center, and there is certainly no provision under state law entitling him to a "revocation hearing." Therefore, because Petitioner's claim does not implicate a protected liberty interest under federal or state law, his petition must fail.

Even if Petitioner had a due process right to a hearing, he waived his right to such hearing when he entered the program. As Respondent notes, Petitioner signed an agreement when he entered the program in which he acknowledged his immediate discharge from Phoenix Recovery Center for any violation of the rules. DE #8-4, Response, at 6.

## Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner's Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, dismissed, with prejudice and the relief prayed for be denied.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 10th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE